IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, )<br>Secretary of Labor, United )<br>States Department of Labor, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>SLOCUMB LAW FIRM, LLC, and )<br>MICHAEL W. SLOCUMB (an individual), )<br>  )<br>Defendants. ) | Civil Action No.: 3:18-cv-145-WC |

# ORDER

Before this Court is Plaintiff Secretary of Labor's ("Plaintiff") Motion for Service by Publication and Motion for Extension of Time. Doc. 25. Plaintiff is requesting leave to serve the Defendants Slocumb Law Firm, LLC ("SLF") and Michael W. Slocumb ("Slocumb") by publication. The Federal Rules of Civil Procedure provide that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Court's decision here will, therefore, turn on whether Alabama law permits service by publication.[1] For the reasons stated below, the Court DENIES Plaintiff's motion. Doc. 25.

---

[1] Although Fed. R. Civ. P. 4(e)(1) also permits service pursuant to the law "where service is made", and Plaintiff has attempted to serve Defendant Slocumb at a residence in Florida, Plaintiff has not asked this Court to consider its motion under Florida law.

According to the Alabama Rules of Civil Procedure, service by publication may be permitted if three conditions have been met: (1) that the defendant has avoided service;[2] (2) that the defendant's present location or residence is unknown; and (3) that the process server has failed to effect service upon the defendant and the process server has certified that fact of failure. Ala. R. Civ. P. 4.3(c); *see also Beasley v. United States*, 162 F.R.D. 700, 701 (M.D. Ala. 1995). Further, when a defendant is a corporation, and a process server has certified that process is not possible because the officers or agents have been absent "from the state . . . for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown", service by publication may be appropriate. Ala. R. Civ. P. 4.3(c). A successful motion for service by publication must also include an affidavit which "aver[s] specific facts of avoidance" that go beyond "[t]he mere fact of failure of service." *Id.* In other words, an affidavit in support of a motion for service by publication must provide details of the purported avoidance of service by a defendant, and not simply be a recitation of conclusory statements. *See Fisher v. Amaraneni*, 565 So. 2d 84, 88 (Ala. 1990) (holding "that the conclusory statements made in the plaintiffs' affidavit that the [defendants] were avoiding service, coupled with the process server's failed attempts to perfect service of process upon them" was not enough to authorize service by publication).

Plaintiff argues that Alabama law permits service by publication in this case. In support of his argument, Plaintiff has submitted an affidavit from one of his attorneys,

---

[2] The Committee Comments to Rule 4.3 stress the importance of this "avoidance" requirement, which necessitates some level of culpability on the part of a defendant, in order to avoid the "substantial constitutional questions [that] may [otherwise] be posed". Committee Comments to Ala. R. Civ. P. 4.3(c).

Jaslyn W. Johnson. Doc. 25-8. As previously discussed, Plaintiff must show that the Defendants have actively avoided service in order to satisfy Rule 4.3(c)'s requirements.

Evidence tending to show a defendant's awareness of impending litigation may be enough to satisfy Rule 4.3(c)'s "avoidance" requirement. *See Davis v. Summler*, No. 2:13cv840, 2014 WL 1492876, at *1-2 (M.D. Ala. Apr. 16, 2014) (holding that the defendant had notice of forthcoming litigation and avoided service when the defendant accepted a prior preservation letter, and an insurer for the defendant had contacted the plaintiff). Plaintiff's counsel states that "Defendants were aware of Plaintiff's investigation and the possibility of litigation if the parties did not reach a resolution," but, aside from this conclusory statement about what someone else is alleged to have known, Plaintiff fails to provide any evidence supporting his assertion that Defendants were aware that the threat of litigation was imminent or that Defendants are acting upon that perceived threat. Doc. 25-8 at 3; *see also* Doc. 25 at 5. In other words, Plaintiff provides no evidence showing the proximity of any investigation to his filing of suit and no evidence tending to show specific knowledge on the part of Defendants about the scope of any investigation, the outcome of any investigation, or the likelihood of litigation following the investigation.

Further, Plaintiff avers, through Jaslyn W. Johnson's affidavit, that to the best of her knowledge, Slocumb, SLF's registered agent, has been out of the country for more than thirty days since the filing of the complaint. Doc. 25-8 at 3. Plaintiff appears to base this belief, at least in part, on the communications between the process server and the Defendants' employees. *Id.* However, neither the process server nor the United States Marshals Service certified that Slocumb could not be served because he was absent from

SLF's home state of Alabama for thirty days from the filing of the complaint as required by Rule 4.3(c). Ala. R. Civ. P. 4.3(c). The process server cited only to statements made by the Defendants' employees that Slocumb was "out on a vacation" and that it "may be a few weeks before he returns". Doc. 9 at 3. Because due process considerations require that the service rules be "strictly construed in favor of the defendant," *Fifth Episcopal Dist. Dev., Inc. v. Associated Bldg. Servs., Inc.*, No. 2:16-cv-00213, 2016 WL 9340248, at *1 (N.D. Ala. May 27, 2016), the court is disinclined to permit the remedy of service by publication based upon so much speculation and attendant conclusory statements.

There is no disputing that Plaintiff has worked hard to locate and serve the Defendants. Plaintiff identified the three most recent addresses for Slocumb. Doc. 25-8 at 2. First, Plaintiff mailed a package containing various materials related to the lawsuit via certified mail to the SLF address in Auburn, but the package was not accepted. *Id.* Plaintiff then hired a process server to serve the Defendants, but after ten attempts, the process server proved unsuccessful as well. Doc. 25-8 at 2-3. Also, the United States Marshals Service attempted to serve the Defendants on three occasions at SLF's address in Auburn. Doc. 25-8 at 3. The United States Marshals Service did successfully serve somebody at the SLF address on one occasion, but that person did not identify herself. Doc. 23. While their efforts are not insubstantial, this inquiry requires a specific showing of activity on the part of the Defendants, activity that tends to show culpability in the avoidance of service. On the record presently before the Court, the undersigned cannot conclude that Plaintiff has met his burden under Alabama law.

On March 1, 2018, Plaintiff filed his Complaint in this case. Doc. 1. On August 15, 2018, this Court issued an order granting Plaintiff's third Motion for Extension of Time to Effectuate Service, and noted that Plaintiff would need to propose an alternative means of service in order to prevent dismissal of this case.  Doc. 20. The complaint in this matter was filed approximately eight months ago.  Because Plaintiff has not established the requisite elements to authorize service by publication under Alabama law, it is

ORDERED that Plaintiff's Motion (Doc. 25) is DENIED.   It is further

ORDERED that, on or before November 16, 2018, Plaintiff shall show cause why this case should not be dismissed, without prejudice, for failure to serve process on the Defendants.

DONE this 2nd day of November, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE