IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PIZZELLA, <br> Acting Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SLOCUMB LAW FIRM, LLC, and <br> MICHAEL W. SLOCUMB, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> CASE NO. 3:18-CV-145-WKW <br> [WO] |

## **ORDER**

Under the Fair Labor Standards Act, employees who work more than forty hours a week may have a right to receive one-and-a-half times their regular pay. 29 U.S.C. § 207. The Secretary of the United States Department of Labor "may bring an action in any court of competent jurisdiction to recover [an] amount of unpaid . . . overtime compensation and an equal amount as liquidated damages." *Id.* § 216(c). This is one such action. According to the Secretary, Defendants Michael Slocumb and his firm, Slocumb Law Firm, LLC, failed to pay overtime compensation to forty-two employees.

The Clerk of the Court entered default against Defendants. The Secretary now moves for default judgment. (Doc. # 39.) But for the reasons below, that motion is due to be denied.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1345. Venue is proper. *Id.* § 1391(b). Defendants have not disputed personal jurisdiction.

## II. BACKGROUND

In April 2017, Investigator Ariel Gonzalez of the Department of Labor looked into whether Defendants paid their employees overtime compensation. (Doc. # 29-2.) She found that, since April 2015, Defendants had underpaid forty-two of their employees. So in March 2018, the Secretary sued Defendants to recover the unpaid wages and liquidated damages. (Doc. # 1.) "Appendix A" of the Complaint lists the names of the forty-two underpaid employees (Doc. # 1, at 5–6), but nothing in the Complaint or "Appendix A" prays for (or alludes to) a specific amount of damages.

The Secretary had trouble serving Defendants with process. (*See* Docs. # 6, 11, 16, 25, 28, 29.) In support of one of several motions for an extension of time in which to serve Defendants, the Secretary submitted a November 2018 affidavit from Investigator Gonzalez. That affidavit states that "forty-two (42) employees are due a total of $13,248.71 in back wages as set forth in Appendix A." (Doc. # 29-3, at 2.) But the affidavit has no appendix, and "Appendix A" to the Complaint lists no specific dollar amounts whatsoever.[1]

---

[1] The Secretary attached the same November 2018 affidavit to a May 2019 filing. (Doc. # 33-9.) But once again, there was no appendix.

In March 2019, a Deputy U.S. Marshal served copies of the summons and the complaint on someone known only as "Mona." According to the Deputy, Mona was "[a] person of suitable age and discretion then residing in defendant's usual place of abode." (Docs. # 30, 31.) But it appears Mona was at the Slocumb Law Firm office when the Deputy gave her copies of the summons and complaint. (*See* Doc. # 33, at 2.) What's more, there is no indication that Mona was authorized to receive service for Slocumb Law Firm. Still, the Secretary moved for entry of default in July 2019. (Doc. # 38.) Based on Defendants' failure to appear, the Clerk of the Court entered default against Defendants under Federal Rule of Civil Procedure 55(a). (Doc. # 38.)

The Secretary now moves for a default judgment against Defendants. (Doc. # 39.) The motion says that an affidavit from Investigator Gonzalez is "attached" (Doc. # 39, at 1), but that is not true. The motion does attach a chart titled "Schedule A." (Doc. # 39-2, at 3.) "Schedule A" lists the same forty-two employees found in "Appendix A" of the Complaint, and it appears to show how much Defendants owe each employee. The total "back wages" is said to be $13,248.71 — the same amount stated in Investigator Gonzalez's November 2018 affidavit. (Doc. # 39-2, at 3.) But no filing signed by any person explains "Schedule A."

### III. STANDARD OF REVIEW

The Secretary's motion for default judgment does not permit the Clerk of the Court to enter default judgment against Defendants. *See* Fed. R. Civ. P. 55(b)(1).

Instead, whether to enter default judgment is left to the court's discretion. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

By their default, Defendants are considered to have admitted the Secretary's "well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But they are not held to admit "facts that are not well-pleaded." *Id.* Nor are they held to admit "conclusions of law." *Id.* Thus, their "default does not in itself warrant the court in entering a default judgment." *Id.* Rather, there must be "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *USAmeriBank v. Strength*, No. 16-cv-995, 2017 WL 4767694, at *6 (M.D. Ala. Oct. 20, 2017) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam)).

Defendants are also not held to admit the amount of damages. *Alfa Corp. v. Alfa Mortg., Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008); 10A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2688, at 80 & n.17 (4th ed. 2016 & Supp. 2019). Instead, the court has a duty "to assure [itself] that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists*

*Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)).

Before the court enters a default judgment, it may hold a hearing to "determine the amount of damages," to "establish the truth of any allegation by evidence," or to "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D). In fact, a hearing is "required in all but limited circumstances." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (cleaned up). And if a hearing is needed "to determine what the judgment should provide," the hearing "must be conducted before the judgment is entered." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 747 (11th Cir. 2017) (per curiam) (quoting *Smyth*, 420 F.3d at 1231–32).

## IV. DISCUSSION

The court cannot enter default judgment against Defendants for three related reasons.

First, the complaint is little more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It recites some statutory phrases, but it makes no attempt to allege facts suggesting Defendants broke the law. Indeed, if one changed the relevant names and dates, the complaint could have been filed in any action alleging failure to pay overtime. As it is so devoid of factual allegations, it does not "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). The complaint is "an insufficient basis upon which to enter default

5

judgment." *Surtain*, 789 F.3d at 1247.

Second, the motion does not sufficiently show compliance with Federal Rule of Civil Procedure 4. Entering a default judgment demands "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1369 (11th Cir. 1982). That includes rules for service of process. *Id.*; *cf. In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). The Secretary must therefore show that Defendants were properly served. *See Nationwide Mut. Fire Ins. Co. v. Phillips*, No. 10-cv-429, 2010 WL 11614621, at *1 (N.D. Ala. June 29, 2010).

Third, the Secretary has not sufficiently shown how much the court should award in damages. The Complaint does not pray for a specific amount of damages, and "Appendix A" lists no dollar amounts. (Doc. # 1, at 3–6.) Investigator Gonzalez concluded that Defendants cheated forty-two employees out of $13,248.71 in overtime pay, but her affidavit makes no effort to explain how she calculated that amount. (Doc. # 29-3, at 2.) Nor does her affidavit (to the extent that it is in the record) show how much Defendants owe to each employee. The Secretary attached "Schedule A" to the motion for default judgment (Doc. # 39-2), but that chart is not sworn. It simply exists, unexplained in any signed document. This record does not

6

adequately reflect the basis for a damages award. *See Adolph Coors Co.*, 777 F.2d at 1544.

## V.  CONCLUSION

For the reasons above, it is ORDERED that the Secretary's motion for default judgment (Doc. # 39) is DENIED.

It is further ORDERED that the Secretary shall SHOW CAUSE, on or before **September 13, 2019**, why the entry of default (Doc. # 38) should not be set aside under Federal Rule of Civil Procedure 55(c).

DONE this 16th day of August, 2019.

                                            /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE