IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-145-RAH |
| | ) |    (WO) |
| SLOCUMB LAW FIRM, LLC, and | ) | |
| MICHAEL W. SLOCUMB (an | ) | |
| individual) | ) | |
| | | |
|     Defendants. | | |

## <u>ORDER</u>

This action is brought by Eugene Scalia, the Secretary of the U.S. Department of Labor ("the Secretary" and "the Department," respectively), against the Defendants pursuant to § 17 of the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), as amended, 29 U.S.C. § 201, *et seq.,* seeking back wages, liquidated damages, and injunctive relief against future violations of the Act.

A review of the record reveals that Defendants Slocumb Law Firm, LLC and Michael W. Slocumb (collectively, "Slocumb") were properly served via publication in accordance with Alabama Rule of Civil Procedure 4.3 and were required to serve responsive pleadings to the Complaint no later than November 16, 2020. (Doc. 63-1.)  Defendants have failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. The Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), entered default against the Defendants on November 24, 2020. (Doc. 65.) Now before the Court is Plaintiff's Motion for Default Judgment against the Defendants. (Doc. 66.)

1

"[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F.App'x 860, 863 (11th Cir. 2007); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 19850 (finding that court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation," or where "the record adequately reflects the basis for the award via a ... demonstration by detailed affidavits establishing the necessary facts."). The Court has undertaken such a review, and concludes that the motion is due to be GRANTED.

I.    **Mike Slocumb and the Slocumb Law Firm are Covered Employers under the FLSA**

The overtime provisions of the FLSA extend to employees of any "enterprise" with the requisite connection to interstate commerce. 29 U.S.C. § 207. The Slocumb Law Firm, LLC is an enterprise engaging in interstate commerce and reported an annual gross dollar volume of not less than $500,000 in 2016 through 2018. (Doc. 1, p. 2); *see also* 29 U.S.C. §§ 203(s)(1)(A)(i) & (ii)). The FLSA provides that an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

Mike Slocumb is the owner of the Slocumb Law Firm, LLC and has operational control over its employees. (Doc. 1, p. 2.) Mr. Slocumb is an "employer" under the FLSA. 29 U.S.C. §

203(d). As an employer, he is jointly and severally liable with the Slocumb Law Firm, LLC for unpaid wages under the FLSA. *Patel*, 803 F.2d at 637–38.

## II.    Slocumb Violated the FLSA's Overtime Provisions

The FLSA requires covered employers to pay one and one-half times an employee's "regular rate" for hours over forty in a work week. 29 U.S.C. § 207(a). An employee's regular rate of pay includes "all remuneration for employment paid to, or on behalf of, the employee" except for certain statutory exclusions which are not applicable in this case. 29 U.S.C. § 207(e).

In addition, an employer covered by the FLSA is required to "make, keep, and preserve" records of the "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211. It is the employer's duty under the FLSA to keep records of the employees' wages, hours, and other conditions and practices of employment. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007). "The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and '[e]mployees seldom keep such records themselves.'" *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

Slocumb violated the FLSA's provisions in at least one manner. In particular, Slocumb repeatedly violated 29 U.S.C. §§ 207 and 215(a)(2) by employing employees for work weeks longer than 40 hours without compensating those employees for overtime pay. (Doc. 1, p. 3.) Based on the Department's investigation, dozens of Slocumb employees are due unpaid overtime wages totaling $13,248.71. (Doc. 66, p. 2.)

## III.    Slocumb is Liable for Liquidated Damages

An employer who violates the overtime provisions of the FLSA is liable for unpaid wages and an equal amount as liquidated damages. 29 U.S.C. § 216. "[I]f the employer shows to the

satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. § 216]." 29 U.S.C. § 260. The employer bears the burden of establishing a good faith defense against liquidated damages. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008).

Slocumb has avoided service of process by the Department for over two years. Their office's antics, as reflected in the record, probably merit serious consideration as to Mr. Slocomb's future ability to practice in this Court. In any event, Slocumb is clearly liable for liquidated damages under the FLSA, which means that Slocumb owes a total of $26,497.42 to the Department's Wage and Hour Division. (Doc. 66, p. 2.) *See Reyes v. Aqua Life Corp.,* 632 F. App'x 552, 555 (11th Cir. 2015) ("Under the FLSA, liquidated damages are mandatory absent a showing of good faith by the employer.") (citing 29 U.S.C. § 216(b)).

## IV.    The Secretary's Request for Injunctive Relief is Due to be Granted

The FLSA grants this Court the power to enjoin future FLSA violations. 29 U.S.C. § 217. The Eleventh Circuit has held that "the Secretary of Labor has the exclusive right to bring an action for injunctive relief" under the FLSA. *Powell v. State of Fla.*, 132 F.3d 677, 678 (11th Cir.1998) (per curiam). Prospective injunctions under the FLSA "may be sufficiently broad and general to enjoin any practices which would constitute violations of the Act's provisions dealing with minimum wages, overtime and the keeping of records. Decrees of such generality are often

necessary to prevent further violations." *Wirtz v. Ocala Gas Co.*, 336 F.2d 236, 240 (5th Cir. 1964).[1]

Slocumb, by their business practices and default, has given no indication that they intend to comply with the FLSA in the future. Thus, the Court finds injunctive relief is required to assure the Defendants remain in compliance with the FLSA. *See, e.g., Opelika Royal Crown Bottling Co. v. Goldberg*, 299 F.2d 37, 44 (5th Cir. 1962) ("we are of the opinion that an injunction may be the only alternative to constant policing of the appellants' business to insure continued compliance with the law.").

## V.    Conclusion

The Court concludes the Department is entitled to a default judgment pursuant to Rule 55(b)(2). The Court finds it is not necessary to conduct a hearing because the Department's evidentiary materials appropriately support the Department's right to recover a money judgment and injunctive relief against Slocumb. *See* Fed. R. Civ. P. 55(b)(2).

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

(1) The Department's Motion for Default Judgment (Doc. 66) is **GRANTED**.

(2) IT IS FURTHER ORDERED that the Department is entitled to entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the Defendants, Slocomb Law Firm, LLC and Michael Slocomb.

(3) IT IS FURTHER ORDERED that the Department is entitled to a money judgment against the Defendants, Slocomb Law Firm, LLC and Michael Slocomb, individually and jointly and severally, for the following amounts:

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

| | |
|---|---|
| Overtime Compensation: | $13,248.71 |
| Liquidated Damages: | $13,248.71 |
| Total Money Judgment: | $26,497.42 |

(4) IT IS FURTHER ORDERED that the Defendants shall pay this money judgment by cashier's check in the amount of $26,497.42, made payable to the "U.S. Department of Labor, Wage Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour Division's Regional Office at 61 Forsyth St. SW, Room 7M10, Atlanta, GA 30303.

(5) IT IS FURTHER ORDERED that the Defendants shall make this payment no later than 30 days after the date of the service of this Order upon them. If the Defendants fail to make full payment within 30 days, they shall be in default and any defaulted balance shall be subject to the assessment of interest, penalty interest rates and collection costs as required by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3717.

(6) IT IS FURTHER ORDERED that upon receipt of full payment, the Department shall file with the Court a certificate of payment, and the Department's representatives shall distribute the amounts due to each of the following named employees, less appropriate deductions for federal income tax withholding and the employee's share of the social security tax ("FICA"):

| NAME | OVERTIME WAGES DUE | LIQUIDATED DAMAGES DUE | TOTAL |
|---|---|---|---|
| Kirstyn Bennington | $93.00 | $93.00 | $186.00 |
| Melissa Bowden | $176.00 | $176.00 | $352.00 |
| Shannasha Buford | $42.00 | $42.00 | $84.00 |
| Sherie Campbell | $655.00 | $655.00 | $1,310.00 |
| Tamaya Cook | $78.00 | $78.00 | $156.00 |

| | | | |
|---|---|---|---|
| LaBrittney Cooper | $165.00 | $165.00 | $330.00 |
| Reed Cowart | $22.00 | $22.00 | $44.00 |
| Emili Dye | $611.00 | $611.00 | $1,222.00 |
| Angel Gasaway | $1,223.00 | $1,223.00 | $2,446.00 |
| Whitney Glass | $132.00 | $132.00 | $264.00 |
| Katelyn Grantham | $34.00 | $34.00 | $68.00 |
| Camisha Green | $58.75 | $58.75 | $117.50 |
| Stacey Herring | $1,184.84 | $1,184.84 | $2,369.68 |
| Tikemo Higgins | $101.00 | $101.00 | $202.00 |
| Lashaunda Jackson | $293.00 | $293.00 | $586.00 |
| Jeffrezz Jefferson | $50.00 | $50.00 | $100.00 |
| Shammetra Johnson | $228.00 | $228.00 | $456.00 |
| Sharon Johnson | $194.00 | $194.00 | $388.00 |
| Sarah Jones | $882.00 | $882.00 | $1,764.00 |
| Shawnee McKee | $342.50 | $342.50 | $685.00 |
| Maggie Monks | $36.00 | $36.00 | $72.00 |
| Stephanie Morse | $1,240.75 | $1,240.75 | $2,481.50 |
| Nicole Nienoff | $118.00 | $118.00 | $236.00 |
| Marquisha Perso | $116.00 | $116.00 | $232.00 |
| Hunter Phares | $40.00 | $40.00 | $80.00 |
| Amber Pierson | $314.00 | $314.00 | $628.00 |
| Ashley Pittman | $1,153.87 | $1,153.87 | $2,307.74 |

| | | | |
|---|---|---|---|
| Kimberly Poole | $80.00 | $80.00 | $160.00 |
| Daphne Sides | $36.00 | $36.00 | $72.00 |
| Erica Simmons | $87.00 | $87.00 | $174.00 |
| Shondrika Snowden | $166.00 | $166.00 | $332.00 |
| Sarah Stillman | $301.00 | $301.00 | $602.00 |
| Kealee Swann | $1,183.75 | $1,183.75 | $2,367.50 |
| Madison Thompson | $391.25 | $391.25 | $782.50 |
| Monike Titus-Mitchell | $29.00 | $29.00 | $58.00 |
| Alisia Walker | $39.00 | $39.00 | $78.00 |
| Kayla Watson | $481.00 | $481.00 | $962.00 |
| Lashanda N. Weathers | $309.00 | $309.00 | $618.00 |
| William White | $132.00 | $132.00 | $264.00 |
| Bethany Whitehead | $29.00 | $29.00 | $58.00 |
| Tammy Williams | $307.00 | $307.00 | $614.00 |
| Kristen Wright | $94.00 | $94.00 | $188.00 |

(7) IT IS FURTHER ORDERED that the Defendants shall be responsible for the employer's share of FICA related to the overtime wages distributed by the Department.

(8) IT IS FURTHER ORDERED that any payments which cannot be distributed to one or more of the employees or their personal representatives because of the inability to locate the proper recipient or any recipient's refusal to accept payment shall be held by the Department for three years after which the funds shall be deposited as miscellaneous receipts into the United States Treasury.

(9) IT IS FURTHER ORDERED that the Department is entitled to post-judgment interest, pursuant to 28 U.S.C. § 1961.

(10) IT IS FURTHER ORDERED that the Clerk of Court shall tax the appropriate costs in this

action in favor of the Department pursuant to Fed. R. Civ. P. 54.

(11) FINALLY, it is **ORDERED** that the Department's request for injunctive relief (Doc. 66, p.

3) is hereby GRANTED. Defendants, their agents, servants, employees, and all

persons in active  concert or participation with them are permanently **ENJOINED** from

violating the provisions of §§ 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

**DONE AND ORDERED** this 23rd day of December, 2020.

/s/ R. Austin Huffaker, Jr.
UNITED STATES DISTRICT JUDGE